## McCrory's License.

*Liquor law—License—Discretion of court—Review.*

Where the proceedings on an application for a liquor license are regular, and no abuse of discretion is apparent, the appellate court will not reverse an order of the quarter sessions refusing a license.

Where more licenses are applied for than under all the facts and circumstances are necessary, the quarter sessions must necessarily determine between them.

Argued May 22, 1906. Appeal, No. 13, April T., 1906, by defendant, from order of Q. S. Beaver Co., March T., 1906, No. 4, refusing a liquor license In re Petition of James McCrory for a tavern license. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for liquor license.

HOLT, P. J., gave as his grounds for refusing the license the following :

The Old Economy Hotel is a three-story frame structure, erected probably more than fifty years ago by the Harmony Society, and the same has been used as a hotel, so far as we

have been able to learn, continuously since that time, and was until the year 1905 the only licensed hotel within the present limits of the borough of Ambridge, and was licensed for a number of years prior to the present year, the present applicant having enjoyed the privilege of a license for said hotel for the years 1904 and 1905. During the year 1905 two large modern brick hotels were completed and equipped for hotel purposes within the said borough, and to these two hotels licenses were granted in 1905 by the said court, and licenses have been granted to the last mentioned two hotels for the present year; and in addition to these hotels there are a number of good restaurants within the limits of the said borough. By a covenant running with the land upon which the town of Ambridge proper is located, the keeping and sale of liquors is prohibited, and all three of said hotels are located in a part of the said borough where the population does not exceed 2,000 people, and the evidence taken at the hearing in behalf of the applicant is not very strong on the question of the necessity for the said Old Economy Hotel.

In granting licenses to hotels, we think the court should steadily keep in view the interests of the traveling public, and to grant no more licenses than are necessary for their accommodation, and to grant the licenses to the hotels which afford the best accommodation in the shape of modern structures and equipment. In passing upon the applications in the borough of Ambridge, we were clearly satisfied from the evidence before us (having due regard to the number and character of those for and against the granting of the same), that two hotels were all that were necessary to meet the demands of the public. Having found this fact, we then granted the licenses to the new modern hotels, which, in our judgment, would afford better accommodations to the public than one new house and the old one could afford.

*Jno. Marron of Marron & McGirr*, for appellant.—The fact that a house has been heretofore licensed is prima facie evidence of its necessity until the contrary is established by proof: Howell's Application, 10 Pa. District Rep. 504; Arnold's Application, 1 North. Co. 93; O'Brien's License, 1 Pa. C. C. Rep. 363; Erie Licenses, 4 Pa. Dist. Rep. 167.

PER CURIAM, June 30, 1906 :

We find nothing in this record to distinguish the case from the many in which it has been held both by the Supreme Court and by this court, that where the proceedings are regular, and no abuse of discretion is apparant, the appellate court will not reverse the order of the quarter sessions refusing an application for a liquor license.   Where more licenses are applied for than under all of the facts and circumstances are necessary for the accommodation of the public, the quarter sessions must necessarily determine between them.    This is as much and as plainly within the discretion of that court as the determination of the question whether any license is necessary in the township, borough or city.   The presumption, as has been repeatedly said, that the action of the court was judicial and not arbitrary cannot be rebutted by an argument from evidence that the court ought to have reached a different conclusion.

The order is affirmed.